Opinion by LAWRENCE, J.   It was stipulated that included in the importation are 50 aluminum floats and 202 iron shackles; that a complete otter trawl fishing net consists of 1 pair of upper wings, 1 pair of lower wings, 1 square, 1 belly, 26 shackles, and 30 floats; that there is included in the entry 1 such complete net, including 26 shackles and 30 floats, which are necessary parts of a complete net. On the uncontroverted facts of record, it was held that 30 of the 50 aluminum floats and 26 of the 202 iron shackles are necessary parts of a complete net and are entitled to free entry under paragraph 1725, as claimed.

**No. 59626.**—Pomerantz Associates, Inc. v. United States, protests 246190–K (A), etc. (New York).

Opinion by LAWRENCE, J.   In accordance with stipulation of counsel that certain items of the merchandise consist of pepper mills, described on the invoices as article 2 or article 10, which are, in fact, manufactures wholly or in chief value of wood, not specially provided for, the claim of the plaintiff was sustained.

**No. 59627.**—Artmart Linen Co., Inc., et al. v. United States, protests 261798–K, etc. (New York).

Opinion by FORD, J.   In accordance with stipulation of counsel that the merchandise consists of doilies similar in all material respects to those the subject of Abstract 58520, the claim of the plaintiffs was sustained.

**No. 59628.**—Quon Quon Company v. United States, protests 245685–K and 249370–K (Los Angeles).

Opinion by FORD, J.   In accordance with stipulation of counsel that the merchandise consists of silk scarves or squares similar in all material respects to those the subject of United States v. The Specialty House, Inc., Bryant & Heffernan, Inc., et al. (42 C. C. P. A. 136, C. A. D. 585), the claim of the plaintiff was sustained.

**No. 59629.**—Handkerchief Craft Co. and John L. Westland & Son et al. v. United States, protests 257891–K, etc. (Los Angeles).

Opinion by FORD, J. In accordance with stipulation of counsel that the merchandise consists of silk scarves or squares similar in all material respects to those the subject of *United States* v. *The Specialty House, Inc., Bryant & Heffernan, Inc., et al.* (42 C. C. P. A. 136, C. A. D. 585), the claim of the plaintiffs was sustained.

BEFORE THE THIRD DIVISION, DECEMBER 28, 1955

**No. 59630.**—Chelsea Lamp & Shade Co., Inc., et al. *v.* United States, protests 243417–K, etc. (New York).

Opinion by JOHNSON, J. In accordance with stipulation of counsel that the merchandise consists of figures similar in all material respects to those passed upon in *Wm. S. Pitcairn Corp.* v. *United States* (39 C. C. P. A. 15, C. A. D. 458), the claim of the plaintiffs was sustained.

**No. 59631.**—A. N. Deringer, Inc. *v.* United States, protest 171540–K (St. Albans).

Opinion by DONLON, J. In accordance with stipulation of counsel that the merchandise consists of beef similar in all material respects to that the subject of *Swift & Company et al.* v. *United States* (33 Cust. Ct. 212, C. D. 1655), the claim of the plaintiff was sustained.

**No. 59632.**—Holland Colombo Trading Society, Inc. *v.* United States, protests 243170–K and 271489–K (New York).

Opinion by DONLON, J. In accordance with stipulation of counsel that the merchandise consists of coconut shell charcoal the same in all material respects as that the subject of *Holland Colombo Trading Society, Inc.* v. *United States* (34 Cust. Ct. 90, C. D. 1684), the claim for free entry under paragraph 1802 was sustained.